## No. 9383.

### HELBURG v. TOWN OF LOUISVILLE ET AL.

1. STATUTES—*Construction.* The courts cannot supply omissions in the statute, nor make law to fill an exceptional case.

2. *Construed.* The provision of the Workmen's Compensation Act giving compensation only where the injury is not "intentionally inflicted by another" (Laws of 1915 c. 179, sec. 8) is to be taken according to its plain meaning.

IT is not to be construed as allowing compensation for the death of a police officer at the hands of an offender whom he is attempting to arrest.

*Error to Boulder District Court, Hon. Robert G. Strong, Judge.*

Mr. EDWARD AFFOLTER, Mr. EDMUND J. CHURCHILL, for plaintiff in error.

Hon. LESLIE E. HUBBARD, Attorney General; Mr. JOHN L. SCHWEIGERT, assistant, and Mr. WALTER E. SCHWED, of counsel, for the Industrial Commission.

Opinion by Mr. Justice Allen.

VICTOR HELBERG, a police officer of the town of Louisville, was killed by a person whom he undertook to arrest. The dependents of the deceased officer sought an award under the Workmen's Compensation Act. The Industrial Commission denied compensation upon the ground, among others, that the injury, upon which the claim was based, was one "intentionally inflicted by another," within the meaning of section 8 of the Act (Chapter 179, Session Laws 1915), which denies the right to compensation in cases where the injury is intentionally inflicted by a third person. This section was amended in 1917, but prior thereto, and at the time of the injury in question, provided that the following condition, among others, must occur in order that the right to compensation shall obtain:

"Where the injury * * * is not intentionally self-inflicted or intentionally inflicted by another."

The claimants brought an action in the District Court of Boulder County to vacate the findings and order of the Commission. The District Court having upheld the Commission and confirmed its order, the claimants bring the cause here for review.

The plaintiffs in error, claimants before the Commission, contend, in effect, that the above quoted clause of section 8 of the statute of 1915 should not be literally construed, but that the words "injury intentionally inflicted by another" should be interpreted to refer only to an injury intentionally inflicted by another for reasons personal to the assailant, and not to relate to, or include, any injury which, although inflicted intentionally by a third person, was one caused by the employment, or arose as the result of a peril incident to the employment, as in the instant case.

However much the construction contended for would result in harmonizing section 8 with the general purpose of the Workmen's Compensation Act, nevertheless the contention can not be sustained. The clause and phrase in question is clear and explicit, and must be enforced according to its plain meaning. As said in *Hause v. Rose*, 6 Colo. 26: "We can not, as court, supply omissions, nor make law to fit an exceptional case. * * * The statute being explicit does not admit of interpretation beyond its express letter, and must be administered as we find it."

For the above reason, the judgment is affirmed.

Affirmed.

Chief Justice Garrigues and Mr. Justice Bailey concur.